# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

February 13, 2026

Lyle W. Cayce
Clerk

No. 25-60120
Summary Calendar

———————

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

FELICIA L. SMITH,

*Defendant—Appellant*.

———————————————————

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 3:23-CR-86-2

———————————————————

Before BARKSDALE, GRAVES, and DUNCAN, *Circuit Judges*.

PER CURIAM:[*]

Following a jury trial, Felicia L. Smith was convicted of aiding and abetting wire fraud and conspiracy to commit wire fraud, in violation of 18 U.S.C. §§ 1343 (criminalizing aiding and abetting wire fraud) and 1349 (outlawing conspiracy).  She contends:  the evidence was insufficient to support her convictions; and the district court erred by denying her motion

———————————————

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 25-60120

for new trial. (She did not present evidence at trial or file a reply brief to respond to the Government's discussion of the evidence it presented.)

Smith asserts the evidence was insufficient because: the Government failed to prove she agreed to join the conspiracy or further its unlawful purpose; and she did not act with the requisite intent to defraud because she was a victim of the scheme. Her motion for judgment of acquittal at the close of the Government's case was denied; and, as noted, she rested, rather than present evidence.

Challenges to the sufficiency of the evidence are reviewed *de novo*. *See United States v. Chapman*, 851 F.3d 363, 376 (5th Cir. 2017). Under this standard, we review the evidence adduced at trial to determine if it supports a conviction beyond a reasonable doubt. *Id.* In doing so, we "review the evidence in the light most favorable to the verdict, accepting all credibility choices and reasonable inferences made by the jury". *Id* (citation omitted). Smith's challenges fail under this standard.

A conviction for aiding and abetting wire fraud is proved by showing "a scheme to defraud exists[;] . . . defendant used wire communications in interstate or foreign commerce to further that scheme[;] and . . . defendant had specific intent to defraud". *United States v. Davis*, 53 F.4th 833, 842 (5th Cir. 2022 (citation omitted). The evidence included Smith's paying a co-conspirator—Faulkner—$50,000 to falsify her tax returns to the Small Business Administration (SBA), so it would grant her approval for a $200,000 loan. This evidence was sufficient for a reasonable juror to find Smith guilty beyond a reasonable doubt of aiding and abetting wire fraud.

For conspiracy to commit wire fraud, "the jury must find . . . two or more persons agreed to commit fraud; . . . defendant knew the unlawful purpose of the agreement; and . . . defendant joined the agreement with the intent to further the unlawful purpose". *United States v. Beacham*, 774 F.3d

No. 25-60120

267, 272 (5th Cir. 2014). Although Smith asserts she was a victim of the scheme, Faulkner (an SBA employee at the time of the offense) testified that: he told Smith he would falsify her tax returns so the SBA would approve her Economic Injury Disaster Loan application; and Smith paid him a $50,000 kickback. Accordingly, the evidence was sufficient for a reasonable juror to find Smith guilty beyond a reasonable doubt of conspiracy to commit wire fraud.

Smith's assertions concerning her new-trial motion are essentially the same as those in her sufficiency challenge. The denial of a new-trial motion is reviewed for abuse of discretion. *United States v. Crittenden*, 46 F.4th 292, 297 (5th Cir. 2022). Because the evidence is sufficient to support her convictions, the district court did not abuse its discretion by denying Smith's motion. *See United States v. Meyer*, 63 F.4th 1024, 1040 (5th Cir. 2023) (holding court did not abuse discretion by denying motion for new trial where assertions supporting motion were same as assertions supporting challenge to sufficiency of evidence).

AFFIRMED.